# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JAMES EDWARD RICHARDS, III,

        Plaintiff/Appellant,

v.

CYNTHIA ANN READ,

        Defendant/Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

Appeal No.
01A01-9708-PB-00450

Davidson Probate
No. 74910

FILED

July 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## SEPARATE CONCURRING OPINION

As the majority opinion notes, the Appellant's only avenue for relief is Tenn. R. Civ. P. 60.02 (4). That rule provides, in pertinent part:

> On motion and upon such terms as are **just**, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (4) . . . it is no longer **equitable** that a judgment should have prospective application. . . . The motion shall be made within a **reasonable** time, . . .

Tenn. R. Civ. P. 60.02 (4) (emphasis added).

A determination of what is "just," "equitable" or "reasonable" in any given situation is fact dependent. I am concerned that the majority opinion, and the other recent opinions discussed therein, may be construed as establishing a black-letter rule that every father who has voluntarily acknowledged paternity and who is later proved not to be the child's biological father may be relieved from the parental obligation he previously undertook. That is not the current state of the law, and I do not believe it is the majority's intent to make it so.

However, the majority opinion includes the statement that "it is no longer equitable to require child support from a man conclusively established not to be the biological father of the child." I do not believe it would be inequitable in every factual situation to require a person to continue to live up to

responsibilities he voluntarily assumed. Nor do I believe that in every situation it would be just to deprive a child of the support and parental relationship, established by law, upon which the child has relied.

In balancing the equities of each case, as Rule 60.02 requires us to do, the financial interests of a father at law who is not also the biological father cannot be presumed to always outweigh the interests of a child. The fact that the statutory legitimation process is based upon the obligations arising from a parent's biological relationship to a child appears to be the primary basis for our court's willingness to grant the extraordinary remedy of Rule 60.02 relief in these situations, even where, as here, the father, after consultation with counsel, has made a strategic decision not to obtain a blood test before agreeing to the legitimation order.[1] However, science's recently developed ability to determine biological parentage with unprecedented accuracy does not automatically dictate that our courts should abandon the traditional Rule 60.02 analysis in examining requests to disavow legal parentage. Our legislature has determined that the public policy of our State is furthered by limiting the ability of non-biological fathers to rescind a voluntary acknowledgment of paternity, especially after the passage of five years. Tenn. Code Ann. § 24-7-118 (e) (2) (Supp. 1998).

In the case before us, I concur in the results because I think the goals of the equitable principles underlying Rule 60.02 are met by the majority opinion's holding in its totality.

---

[1] I disagree with the majority's statement that the only difference between this case and *White v. Armstrong* is the wealth of the at law father. In my opinion, the facts surrounding the signing of the agreed order of legitimation, as well as those surrounding the timing of Mr. Richards's decision to take his daughter for blood testing, distinguish this case from *White*.

_____
PATRICIA J. COTTRELL, JUDGE

PATRICIA J. COTTRELL, JUDGE